JACKSON TOWNSHIP IN RILEY COUNTY v. CHARLES G.
WOOD, *as County Clerk.*

CITY OF THIRD CLASS — *Township Taxation.* A city of the third
class having property of the assessed valuation of only about $50,-
000, is not excluded from the township in which it is situated, but
is subject to taxation therein for all township purposes.

*Original Proceeding in Mandamus.*

THE opinion, filed July 6, 1895, sufficiently states
the case.

*R. S. Hick,* for plaintiff.

*F. L. Irish,* county attorney, for defendant.

The opinion of the court was delivered by

ALLEN, J.: This is an action brought by Jackson
township to compel the county clerk of Riley county
to charge township taxes against the property situated
in Randolph, a city of the third class, included within
the boundaries of the township. The sole question
presented is whether a city of the third class, having
real and personal property of an assessed valuation of
less than $150,000, remains a part of the municipal
township in which it is situated, and is subject to
township taxes. Paragraph 925 of the General Stat-
utes of 1889 is singularly ambiguous, and if we were
compelled to decide this case solely by its provisions,
we might have great difficulty in reaching a satisfac-
tory result. But, when construed in connection with
the next succeeding paragraph, and also with ¶ ¶ 5489,
5515, 5520, 6885, 7121, and in view of the fact that
there is no provision for the assessment of the property
of such a city, except by the township trustee, and that
there is no provision for the participation of the resi-

dents of the city in the general elections, except as a part of the township, and that no provision is made for separating the taxes required for the purpose of building bridges from those levied for other purposes, we reach the conclusion that it is still a part of the township. By ¶ 7121, it is provided that no city of more than 2,000 inhabitants shall be included within the corporate limits of any township, and such cities are constituted townships for the election of justices of the peace and constables. Provision is also made in other places in the statute for city assessors in such cities, and the other township officers are dispensed with, their functions being performed by city officers. The concluding portion of ¶ 925 provides for making cities of the third class, having more than 1,000 population and an assessed valuation of more than $150,000, separate townships. In the absence of any legislation excluding such cities as Randolph from the municipal townships in which they are situated, and providing for their assessment and taxation, we must hold that they still remain included in and parts of the townships in which they are situated, and subject to all township taxes.

A peremptory writ will be awarded, commanding the county clerk to enter township taxes against the property in the city of Randolph.

All the Justices concurring.